# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CARNELL HUNNICUTT,

        Plaintiff,

vs.                                                                    No. CIV 18-0667 JB\KRS

DESTINEE MOORE; RAYMOND SMITH;
GEO CORP; LCCF; M. VALERIANO;
STACEY BEAIRD; KATHERINE BRODIE;
P. VALDEZ; T. FOSTER; and GERMAN
FRANCO,

        Defendants.

## MEMORANDUM OPINION AND ORDER DENYING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE AND DENYING THE PLAINTIFF'S MOTION FOR RELIEF UNDER RULE 56(D) AS MOOT

**THIS MATTER** comes before the Court on: (i) Defendants The GEO Group, Inc., M. Valeriano, Katherine Brodie, and P. Valdez's Motion for Summary Judgement, filed October 12, 2018 (Doc. 16)("MSJ"); (ii) the Plaintiff's motion for relief under rule 56(d) of the Federal Rules of Civil Procedure, captioned "Plaintiff's Motion That Defendants' Motion for Summary Judgement be Denied or Stayed Until Plaintiff Ha[s] Sufficient Opportunity to Obtain the Necessary Facts, and the Court's Initial Review is Completed," filed November 11, 2018 (Doc. 20)("Motion"); (iii) the Plaintiff's response in opposition, captioned "Plaintiff's Motion In Opposition To Geo Defendants' Motion For Summary Judgment," filed December 1, 2018 (Doc. 25); and (iv) GEO Defendants' Reply in Support of Motion for Summary Judgment, filed December 13, 2018 (Doc. 22). The Court denies the MSJ without prejudice and denies as moot Plaintiff Carnell Hunnicutt's Motion.

Since Defendants moved for summary judgment, the Court screened Hunnicutt's Complaint (Tort), which was filed in the Fifth Judicial District Court, County of Lea, State of New Mexico, on December 21, 2017 (Doc. 1-1)("Complaint"), pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997(e), as part of its Memorandum Opinion and Order Denying Motion to Remand, filed March 28, 2019 (Doc. 33)("MOO"). See 28 U.S.C. § 1915A ("The court shall review. . . as soon as is practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."). As part of the screening process, the Court determined that Hunnicutt does not state cognizable claims under the Copyright Act of 1976, 17 U.S.C. §§ 101-810, and under 42 U.S.C. § 1983, for violation of prison grievance procedures. See MOO at 21. Accordingly, the Court dismissed those claims. See MOO at 21; 28 U.S.C. § 1915A(a) ("On review [of a prisoner complaint], the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted").

What remains of Hunnicutt's Complaint after screening includes federal claims for violation of the First Amendment of the Constitution of the United States of America against some, but not all, of the named Defendants. See MOO at 21. The Magistrate Judge found that Hunnicutt's § 1938 claim "lies only against Raymond Smith, Stacey Beaird, Katherine Brodie, and Destinee Moore in their individual capacity" and so dismissed all federal claims against the GEO Group or LCCF." MOO at 21. Moreover, the Court retained jurisdiction over the state law claims under the New Mexico Tort Claims Act, N.M. Stat. Ann. §§ 41-4-1 through 41-1-27. See MOO at 22.

As a consequence of the Court's screening of Hunnicutt's Complaint, the MSJ, which GEO Group, Inc., M. Valeriano, Katherine Brodie, and P. Valdez filed before screening, no longer

reflects this case's posture. The GEO Group, one of the movants, has been dismissed from all federal claims. The Court dismissed Hunnicutt's copyright claim, rendering at least some portion of the GEO Defendants' MSJ moot. Only Smith, Beaird, Brodie, and Moore are implicated in surviving federal claims. Moore, Smith, and Defendant LCCF do not appear to have entered this case or been served with process. The MSJ does not address Hunnicutt's state law claims, but purports to involve "all of Plaintiff Carnell Hunnicutt's claims against them." MSJ at 1. It could be the GEO Defendants construe the Complaint to include only federal law claims, but the Complaint "cites New Mexico statutes and regulations as his claims' bases." MOO at 21 (citing Complaint ¶ 11(a)).

In addition, the Magistrate Judge to whom the Court referred the matter, and who will recommend a disposition to the Court on the case's merits, filed an Order for a Report under Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978).[1] See Order for Martinez Report, filed September 25, 2019 (Doc. 36)("Order"). In the Order, the Magistrate Judge identifies several categories of documents and information that will assist in recommending a resolution of the MSJ

---

[1] According to the Tenth Circuit, Martinez Reports:

> are intended to provide information for the district court which will enable it to decide preliminary matters, including jurisdiction and definition of the issues, especially in § 1983 actions. Martinez v. Aaron, 570 F.2d 317, 319 (10th Cir. 1978); El'Amin v. Pearce, 750 F.2d 829, 832 (10th Cir. 1984). Martinez reports have been used in this circuit almost exclusively to provide the court preliminary information, furnished by prison administration personnel, in pro se cases brought by prisoners against prison officials.

Ketchum v. Cruz, 961 F.2d 916, 920 n.3 (10th Cir. 1992). "When the pro se plaintiff is a prisoner, a court-authorized investigation and report by prison officials (referred to as a Martinez report) is not only proper, but may be necessary to develop a record sufficient to ascertain whether there are any factual or legal bases for the prisoner's claims." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991).

and more broadly the case itself.  See Order at 5-9.  Of significance to the Magistrate Judge, among other items, is the present record's lack of the actual cartoons and correspondence Hunnicutt says were unconstitutionally censored, and which the GEO Defendants maintain were harassing and abusive.  See Order at 5-6.  Moreover, as the Magistrate Judge highlights, the record does not include the misconduct reports to which the parties refer in their papers.  See Order at 6-7.  Separately, the Magistrate Judge issued an order to obtain contact information to have the Clerk of Court provide notice of this lawsuit to Smith, Moore, and LCCF, and, if necessary, have the United States Marshalls serve these Defendants.  See Order Directing Submission of Addresses, filed September 25, 2019 (Doc. 37).

Considering the case's posture at present, that some portions of the MSJ are no longer at issue or otherwise involve parties who are now no longer implicated in Hunnicutt's federal claims, and the Magistrate Judge's Order for Martinez Report, the Court concludes it should deny the MSJ without prejudice.  The Defendants may file for summary judgment again with the proper movants, following all parties' appearance, and after the record has been developed as part of the Martinez-report process.  The denial of the MSJ without prejudice renders moot Hunnicutt's Motions to deny or stay summary judgment pending screening and discovery.

**IT IS ORDERED** that: (i) the Defendants The GEO Group, Inc., M. Valeriano, Katherine Brodie, and P. Valdez's Motion for Summary Judgment, filed October 12, 2018 (Doc. 16), is denied without prejudice; (ii) the Plaintiff's motion for relief under rule 56(d) of the Federal Rules of Civil Procedure, captioned "Plaintiff's Motion That Defendants' Motion for Summary Judgement be Denied or Stayed Until Plaintiff Ha[s] Sufficient Opportunity to Obtain the Necessary Facts, and the Court's Initial Review is Completed," filed November 11, 2018 (Doc. 20), is denied as moot; and (iii) the Plaintiff's response in opposition, captioned "Plaintiff's Motion

In Opposition To Geo Defendants' Motion For Summary Judgment," filed December 1, 2018 (Doc. 25), is denied as moot.

                                                                _____
                                                                UNITED STATES DISTRICT JUDGE

*Counsel and Parties*

Carnell Hunicutt
Southern New Mexico Correctional Facility
Las Cruces, New Mexico

    *Plaintiff pro se*

April D. White
Michael D. Russell
YLAW, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendants the Geo Group, Inc., M. Valeriano, Katherine Brodie, and P. Valdez.*

Kevin L. Nault
New Mexico Corrections Department

    *Attorney for Defendant German Franco*