IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARNELL HUNNICUTT, SR.,

        Plaintiff,

v.                                                    2:18-cv-667 JB/KRS

DESTINEE MOORE; RAYMOND SMITH;
GEO CORP; LCCF; M. VALERIANO;
STACEY BEAIRD; KATHERINE BRODIE;
P. VALDEZ; T. FOSTER; and GERMAN
FRANCO,

        Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on Defendant Lea County Correctional Facility's Motion to Dismiss, (Doc. 58), filed February 18, 2020. Plaintiff has not filed a response and the time for doing so has passed which "constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). Nevertheless, pursuant to an order of reference, the Court has reviewed the merits of Defendant Lea County Correctional Facility's ("LCCF") Motion to Dismiss, the record of the case, and relevant law. Having done so, the Court recommends Defendant LCCF's Motion to Dismiss be **GRANTED**

**BACKGROUND**

On July 12, 2018, Plaintiff sued Destinee Moore, Raymond Smith, Geo Corp, LCCF, M. Valeriano, Stacy Beard, Katherine Brodie, T. Foster, P. Valdez, and German Franco, alleging "copyright infringement, interference with outgoing mail, retaliatory punishment, negligence and infractions for criticizing prison conditions and personnel in outgoing correspondence." (Doc. 1-1) at 1. The claims that remain in this case are that Plaintiff was retaliated against in violation of

the First Amendment for his outgoing mail dated June 20, 2017 and June 26, 2017.  *See* (Doc. 66) at 19 (Memorandum Opinion and Order Adopting the Magistrate Judge's Proposed Findings and Recommended Disposition).

In its Motion to Dismiss, LCCF asserts it is not a legally recognized entity under New Mexico law and is not a "person" against whom liability may be imposed pursuant to 42 U.S.C. § 1983.  (Doc. 58) at 1-2.  Accordingly, LCCF argues Plaintiff has not stated a claim against it and asks the Court to dismiss Plaintiff's claims with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).  *Id.* at 2.

## **LEGAL STANDARD**

Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and the Court may not consider matters outside the pleadings.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989).  The Court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Okla. Dept. of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991)).

In addition, the Court liberally construes the factual allegations in reviewing a *pro se* complaint.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).  However, a *pro se* plaintiff's pleadings are judged by the same legal standards that apply to all litigants, and a *pro se* plaintiff must abide by the applicable rules of the Court.  *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).  The Court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims.  Nor may the Court assume the role of advocate for the *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

## ANALYSIS

Section 1983 is the exclusive vehicle for vindication of substantive rights under the United States Constitution. *See Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Albright v. Oliver*, 510 U.S. 266, 271 (1994) ("Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State ... subjects or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law... .

42 U.S.C. § 1983.

Consequently, only a "person" may be held liable under Section 1983. *See McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000) ("A cause of action under Section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law."). As a general rule, a detention facility is not a person or legally created entity capable of being sued. *See White v. Utah*, 5 Fed. Appx. 852, 853 (10th Cir. 2001) (upholding dismissal of suit against county jail because there was "no statutory or case authority supporting a direct action against a county's subdivisions, including its jails"). Courts have consistently held that a detention facility is not a suable entity in a Section 1983 action because it is not a "person" within the meaning of Section 1983. *See, e.g., Gallegos v. Bernalillo Cnty. Bd. of Cnty. Commr's*, 272 F.Supp.3d 1256, 1264-65 (D.N.M. 2017) (Browning, J.) ("A detention center is not a suable entity because it is not a person under 42 U.S.C. § 1983.") (citation and internal quotation marks omitted); *Jensen v. Elwell*, 2018 WL 8549824 (D.N.M.) (unpublished) (same). Therefore, Plaintiff fails to state a claim against LCCF for violation of his constitutional rights because it is not a suable entity.

**IT IS THEREFORE RECOMMENDED** that Defendant LCCF's Motion to Dismiss (Doc. 58) be **GRANTED** and Plaintiffs' claims against it be **DISMISSED WITH PREJUDICE**.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

WITHIN FOURTEEN (14) DAYS AFTER A PARTY IS SERVED WITH A COPY OF THESE PROPOSED FINDINGS AND RECOMMENDED DISPOSITION, THAT PARTY MAY, PURSUANT TO 28 U.S.C. § 636(B)(1), FILE WRITTEN OBJECTIONS TO SUCH PROPOSED FINDINGS AND RECOMMENDED DISPOSITION.  A PARTY MUST FILE ANY OBJECTIONS WITH THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO WITHIN THE FOURTEEN (14) DAY PERIOD ALLOWED IF THAT PARTY WANTS TO HAVE APPELLATE REVIEW OF THE PROPOSED FINDINGS AND RECOMMENDED DISPOSITION.  IF NO OBJECTIONS ARE FILED, NO APPELLATE REVIEW WILL BE ALLOWED. PURSUANT TO FED. R. CIV. P. 72(B)(2), A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE OBJECTIONS.