## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

CARNELL HUNNICUTT, SR.,

        Plaintiff,

vs.                                                                              No. CIV 18-0667 JB/KRS

DESTINEE MOORE; RAYMOND SMITH;
GEO CORP; LCCF; M. VALERIANO;
STACEY BEAIRD; KATHERINE BRODIE;
P. VALDEZ; T. FOSTER; and GERMAN
FRANCO,

        Defendants.

### <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed September 28, 2020 (Doc. 68)("PFRD"). In the PFRD, the Honorable Kevin R. Sweazea, United States Magistrate Judge for the District of New Mexico, recommends granting Defendant Lea County Correctional Facility's Motion to Dismiss and Memorandum of Law in Support, filed February 18, 2020 (Doc. 58)("Motion"). The PFRD notifies the parties that they have the ability to file objections and that failure to do so waives appellate review. <u>See</u> PFRD at 4. Objections were due by October 13, 2020, and to date, neither party has filed objections.[1] Because the Court concludes that Magistrate Judge Sweazea's PFRD is not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, the Court adopts the PFRD and grants the Motion.

---

[1] Plaintiff Carnell Hunnicutt, Sr. filed a Motion for a Joint Status Report, filed November 12, 2020 (Doc. 69); however, this motion is not relevant to the Court's decision.

**LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND
RECOMMENDATIONS**

District courts may refer dispositive motions to a Magistrate Judge for a recommended

disposition.  See Fed. R. Civ. P. 72(b)(1)("A magistrate judge must promptly conduct the required

proceedings when assigned, without parties' consent, to hear a pretrial matter dispositive of a claim

or defense . . . .").  Rule 72(b)(2) of the Federal Rules of Civil Procedure governs objections to

recommendations from a Magistrate Judge and provides that, "[w]ithin 14 days after being served

with a copy of the recommended disposition, a party may serve and file specific written objections

to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(3).  Under the rule, when

resolving objections "the district judge must determine de novo any part of the magistrate judge's

disposition that has been properly objected to by a party.  The district judge may accept, reject, or

modify the recommended disposition; receive further evidence; or return the matter to the

magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).

Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the
> report or specified proposed findings or recommendations to which objection is
> made. A judge of the court may accept, reject, or modify, in whole or in part, the
> findings or recommendations made by the magistrate judge. The judge may also
> receive further evidence or recommit the matter to the magistrate judge with
> instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to the magistrate's report enables the district judge to focus

attention on those issues -- factual and legal -- that are at the heart of the parties' dispute."  United

States v. One Parcel of Real Property, With Bldgs., Appurtenances, Improvements, and Contents,

73 F.3d 1057, 1059 (10th Cir. 1996)(Brown, J.)("One Parcel")(quoting Thomas v. Arn, 474 U.S.

140, 147 (1985)).  As the United States Court of Appeals for the Tenth Circuit has noted, "the

filing of objections advances the interests that underlie the Magistrate's Act, including judicial

efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit held in One Parcel "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)).

In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). The Tenth Circuit has also stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[2]

---

[2]The Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A)("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

In <u>One Parcel</u>, the Tenth Circuit, in accord with other Courts of Appeals, expanded the

waiver rule to cover objections that are timely, but too general.  <u>See v. One Parcel</u>, 73 F.3d at 1060.

The Supreme Court of the United States -- in the course of approving the United States Court of

Appeals for the Sixth Circuit's use of the waiver rule -- has noted:

> It does not appear that Congress intended to require district court review of
> a magistrate's factual or legal conclusions, under a *de novo* or any other standard,
> when neither party objects to those findings.  The House and Senate Reports
> accompanying the 1976 amendments do not expressly consider what sort of review
> the district court should perform when no party objects to the magistrate's report.
> <u>See</u> S. Rep. No. 94-625, pp. 9-10 (1976) (hereafter Senate Report); H.R. Rep. No.
> 94-1609, p. 11 (1976); U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter
> House Report).  There is nothing in those Reports, however, that demonstrates an
> intent to require the district court to give any more consideration to the magistrate
> judge's report than the court considers appropriate.  Moreover, the Subcommittee
> that drafted and held hearing on the 1976 amendments had before it the guidelines
> of the Administrative Office of the United States Courts concerning the efficient
> use of magistrates.  Those guidelines recommended to the district courts that
> "[w]here a magistrate makes a finding or <u>ruling</u> on a motion or an issue, his
> determination should become that of the district court, unless specific objection is
> filed within a reasonable time."  <u>See</u> Jurisdiction of the United States Magistrates,
> Hearings on S. 1283 before the Subcommittee on Improvements in Judicial
> Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24
> (1975)(emphasis added)(hereafter Senate Hearings).  The Committee also heard
> Judge Metzner of the Southern District of New York, the chairman of a Judicial
> Conference Committee on the administration of the magistrate system, testify that
> he personally followed that practice.  <u>See</u> id., at 11 ("If any objections come in, . .
> . I review [the record] and decide it. If no objections come in, I merely sign the
> magistrate's order.").  The Judicial Conference of the United States, which
> supported the de novo standard of review eventually incorporated in §
> 636(b)(1)(C), opined that in most instances no party would object to the
> magistrate's recommendation, and the litigation would terminate with the judge's
> adoption of the magistrate's report.  <u>See</u> Senate Hearings, at 35, 37.  Congress
> apparently assumed, therefore, that any party who was dissatisfied for any reason
> with the magistrate's report would file objections, and those objections would
> trigger district court review.  There is no indication that Congress, in enacting §
> 636(b)(1)(C), intended to require a district judge to review a magistrate's report to
> which no objections are filed.  It did not preclude treating the failure to object as a
> procedural default, waiving the right to further consideration of any sort.  We thus

---

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir.2005)(citations omitted).  The Court
concludes that <u>Pevehouse v. Scibana</u>, 229 F. App'x at 796, has persuasive value with respect to a
material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

- 4 -

find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (emphasis in original)(footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d at 659  ("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")(citations omitted)).  Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard").  In One Parcel, the Tenth Circuit noted that the Honorable H. Dale Cook, United States District Judge for the Northern District of Oklahoma, had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections.  See One Parcel, 73 F.3d at 1060.  The Tenth Circuit, however, held that it would deem the objections waived on appeal, "because only an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act that led us to adopt a waiver rule in the first instance."  See One Parcel, 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elected to address merits despite potential application of waiver rule, but the Courts of Appeals enforced the waiver rule).

Where a party files timely and specific objections to the magistrate judge's proposed findings and recommendations, "on . . . dispositive motions, the statute calls for a de novo determination, not a de novo hearing."  United States v. Raddatz, 447 U.S. 667, 674 (1980).  "[I]n

providing for a 'de novo determination' rather than a <u>de novo</u> hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." <u>United States v. Raddatz</u>., 447 U.S. at 676 (quoting 28 U.S.C. § 636(b); citing <u>Mathews v. Weber</u>, 423 U.S. 261, 275 (1976)).  The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation" when conducting a <u>de novo</u> review of a party's timely, specific objections to the Magistrate Judge's report.  <u>In re Griego</u>, 64 F.3d 580, 583-84 (10th Cir. 1995).  "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence . . . the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing." <u>Gee v. Estes</u>, 829 F.2d 1005, 1008-09 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the Magistrate Judge's report "based upon conflicting evidence or testimony." <u>Gee v. Estes</u>, 829 F.2d at 1009.  On the other hand, a district court fails to meet the requirements of 28 U.S.C. § 636(b)(1) when it indicates that it gave "considerable deference to the magistrate's order." <u>Ocelot Oil Corp. v. Sparrow Indus.</u>, 847 F.2d 1458, 1464 (10th Cir. 1988).  A district court need not, however, "make any specific findings; the district court must merely conduct a de novo review of the record." <u>Garcia v. City of Albuquerque</u>, 232 F.3d 760, 766 (10th Cir. 2000).  "[T]he district court is presumed to know that de novo review is required. . . .  Consequently, a brief order expressly stating the court conducted de novo review is sufficient." <u>Northington v. Marin</u>, 102 F.3d 1564, 1570 (10th Cir. 1996)(citing <u>In re Griego</u>, 64 F.3d at 583-84).  "[E]xpress references to de novo review in" a district court's "order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." <u>Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42</u>, 8 F.3d 722, 724 (10th Cir. 1993).  The Tenth Circuit has held that a district court properly conducted a de novo review of a party's evidentiary objections when the

district court's "terse" order contained one sentence for each of the party's "substantive claims" and did "not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion." Garcia v. City of Albuquerque, 232 F.3d at 766. The Tenth Circuit has explained that brief district court orders that "merely repeat the language of § 636(b)(1) to indicate its compliance" are sufficient to demonstrate that the district court conducted a de novo review:

> It is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis. We cannot interpret the district court's statement as establishing that it failed to perform the required de novo review.

In re Griego, 64 F.3d at 584.

Notably, because a district court may place whatever reliance it chooses on a magistrate judge's proposed findings and recommendations, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the [M]agistrate" Judge, 28 U.S.C. § 636(b)(1), as "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations . . . ." United States v. Raddatz, 447 U.S. at 676 (emphasis omitted). See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d at 724-25 (holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with the de novo determination that 28 U.S.C. § 636(b)(1) and United States v. Raddatz require).

Where no party objects to the Magistrate Judge's PFRD, the Court will still review the Magistrate Judge's recommendations. In Pablo v. Soc. Sec. Admin., No. CIV 11-0132 JB/ACT, 2013 WL 1010401 (D.N.M. 2013)(Browning, J.), the plaintiff failed to respond to the Magistrate Judge's PFRD, and thus waived his right to appeal the recommendations, but the Court nevertheless conducted a review. The Court generally does not "review the PF[]RD de novo, because the parties have not objected thereto, but rather review[s] the recommendations to

determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Pablo v. Soc. Sec. Admin, 2013 WL 1010401, at *4. The Court, thus, does not determine independently what it would do if the issues had come before the Court first, but rather adopts the PFRD where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4. See Alexandre v. Astrue, No. CIV 11-0384 JB/SMV, 2013 WL 1010439, at *4 (D.N.M. 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations of the Honorable Stephan M. Vidmar, United States Magistrate Judge, to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court determines that they are not, and will therefore adopt the PFRD."); Trujillo v. Soc. Sec. Admin., No. CIV 12-1125 JB/KBM, 2013 WL 1009050, at *5 (D.N.M. 2013)(Browning, J.)(adopting the proposed findings and conclusions, and noting: "The Court did not review the [the Magistrate Judge's Analysis and Recommended Disposition] de novo, because Trujillo has not objected to it, but rather reviewed the . . . findings and recommendations to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not."). This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.").

## ANALYSIS

The Court carefully has reviewed the PFRD and the docket in this case. The Court did not review the PFRD de novo, because the parties have not objected to it. Instead, the Court reviewed the PFRD to determine if it is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, and has determined that the PFRD is not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.

**IT IS ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed September 28, 2020 (Doc. 68) is adopted; (ii) Defendant Lea County Correctional Facility's Motion to Dismiss and Memorandum of Law in Support, filed February 18, 2020 (Doc. 58) is granted; and (iii) the Plaintiff's claims against Defendant Lea County Correctional Facility are dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Carnell Hunnicutt
Las Cruces, New Mexico

   *Pro Se Plaintiff*

April D. White
YLAW, P.C.
Albuquerque, New Mexico

   *Attorney for Defendants Destinee Moore, Raymond Smith, The GEO Group, Inc.,
   M. Valeriano, Lea County Correctional Facility, Katherine Brodie, and P. Valdez*

Kevin L. Nault
New Mexico Corrections Department
Santa Fe, New Mexico

   *Attorney for Defendants T. Foster and German Franco*